IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FELICIA FORTUNE, individually;** ) <br> **and FORTUNE GLOBAL** ) <br> **ENTERPRISE, LLC,** ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> **MICHAEL CIBRAN; and YOUR** ) <br> **KIDS URGENT CARE ALABAMA,** ) <br> **LLC,** ) <br> ) <br> *Defendants.* ) | **Civil Action No.** <br> **2:23-cv-00318-ACA** |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTIONS TO COMPEL

Defendants Michael Cibran and Your Kids Urgent Care Alabama, LLC ("YKUC") respectfully file this Response to Plaintiffs' Motion for Leave to File Motions to Compel. (Doc. 46).

1.  Defendants oppose Plaintiffs' Motion because it is procedurally defective, unnecessary under the circumstances, and this Court's Order granting Defendants' motion to file amended counterclaims and for joinder of new counterclaim defendants confirms Defendants' approach to the timing of discovery. (*See* Doc. 49). In light of this Court's recent order, (*id.*), the most proper course is for the parties to collectively file a supplemental Rule 26(f) report and for entry of an amended scheduling order including new discovery deadlines.

1

**I.      Plaintiffs' Motion is procedurally defective.**

2.      Plaintiffs' Motion is procedurally defective because it fails to comply with this Court's Initial Order. (*See* Doc. 6). The Initial Order required Plaintiffs' counsel to "contact the opposing counsel and determine if counsel opposes the motion," and to include a "notation that the motion is either 'Opposed' or 'Unopposed.'" (Doc. 6 at 6 § III(B)). Plaintiffs' counsel did neither.

3.      Defendants do not dispute that Plaintiffs are entitled to take depositions, seek written discovery responses, and obtain production of documents as appropriate under the Federal Rules of Civil Procedure.

4.      In Defendants' letter of November 17, 2023, they explained that they are "preparing supplemental responses as appropriate, in good faith, and as expediently as possible," and that they "intend to make an initial document production in the coming weeks." (*See* doc. 44-2 at 1). As for Plaintiffs' deposition notices, Defendants explained that "[c]onducting depositions on the noticed dates, without the benefit of written discovery and documentary evidence, is neither a suitable nor practical arrangement." (*Id.*). Defendants also explained that it would not "be appropriate to conduct depositions on the dates [Plaintiff] noticed" because Defendants' then-pending Motion for Leave to File Amended Answer and Counterclaim Complaint and for Joinder of Parties "would broaden and alter the scope of the case." (*Id.*). That position—regarding the uncertain scope of the case—

was proven correct when this Court, on December 6, granted Defendants' motion. (*See* Doc. 49).

5. After Defendants sent their letter, Plaintiffs' counsel's only response was an email to Defendants' counsel stating: "Am I to interpret your letter as indicating that your client will not be available to sit for deposition tomorrow and Wednesday, as noticed?" (Email of Tripp Watson to Chadwick Lamar, Dec. 4, 2023). Defendants' counsel called Plaintiffs' counsel and, among other things, confirmed that Defendants and Robert Allee would not be furnished for deposition on the noticed dates.

6. At no point on December 4, or otherwise, did Plaintiffs' counsel inform Defendants' counsel that they intended to file discovery motions. Nor did they ask whether Defendants' counsel would oppose such a motion. Accordingly, Plaintiffs' counsel did not comply with their pre-filing obligations under the Initial Order. That much is self-evident: the Motion for Leave does not state whether Defendants' counsel opposes or consents to the motion.

7. Plaintiffs' Motion for Leave can be denied on that basis. (*See* Doc. 6 at 7 (§ III(B)) ("Failure of the parties to abide by these requirements can result in a *sua sponte* denial of the motions for failure to comply.")). Nevertheless, Defendants address the merits of Plaintiffs' request below.

3

## II. Plaintiffs' proposed discovery motion regarding depositions is unnecessary.

8. Defendants do not dispute that Plaintiffs are entitled to take discovery depositions. Rather, Defendants' position has been that it would be improper to take such depositions absent comprehensive written discovery and further guidance about the scope of this case going forward. In Defendants' response letter (*see* Doc. 44-2 at 1), Defendants explained as follows:

> We disagree that it would be appropriate to conduct depositions on the dates you have noticed. For one, the pendency of Cibran's and YKUC's Motion for Leave to File Amended Answer and Counterclaim Complaint and for Joinder of Parties, (Doc. 40), which would broaden and alter the scope of the case, counsels strongly against either side's preparation for or participation in depositions on the noticed dates. For another, it is in the interest of efficient and comprehensive administration of justice to conduct those depositions after written discovery has been more fully conducted and more complete document productions have occurred. As mentioned above, we are working to provide supplemental responses and document productions as efficiently as possible. Conducting depositions on the noticed dates, without the benefit of written discovery and documentary evidence, is neither a suitable nor practical arrangement.

9. Defendants' position has proven correct. The Court has granted Defendants' motion to bring amended counterclaims and for joinder of parties. (Doc. 49). Moreover, Plaintiffs have indicated that they also might seek leave to amend. (Doc. 43 at 2). Thus, briefing on a motion to compel discovery depositions is unnecessary. Instead, Defendants respectfully submit that the parties should file a supplemental Rule 26(f) report, the Court should enter an amended scheduling order

4

contemplating discovery for any new claims or counterclaims, and the parties will comply fully with those dates and deadlines.

### III. Plaintiffs' proposed discovery motion regarding written discovery is similarly unnecessary.

10. Plaintiffs' now-stricken Motion to Compel Discovery (*i.e.*, written discovery) does not seek any relief to which Defendants have contested. (*See* Doc. 45). That motion seeks an order compelling Defendants to "respond and supplement" their answers to various interrogatories and requests for production. (*Id.* at 4). In its response letter, Defendants agreed to provide "supplemental responses as appropriate, in good faith, and as expediently as possible." (Doc. 44-2 at 1). Additionally, Plaintiffs' now-stricken motion and pending Motion for Leave do not identify any substantive disagreement with an objection that Defendants offered in response to any particular discovery request. Plaintiffs have not established an appropriate reason for motion-to-compel briefing on Plaintiffs' written discovery requests.

11. Plaintiffs also mischaracterize an important fact in their Motion for Leave, related to the Defendants' need for a protective order. Plaintiffs misleadingly state that Defendants "have not otherwise filed for a protective order." (Doc. 46 ¶ 14). They ignore that: (1) Defendants shared a "draft Joint Motion for Entry of Protective Order and Proposed Stipulated Protective Order" on November 17, 2023, and (2) Plaintiffs' counsel never responded to Defendants request that they "review

these proposed filings, provide any requested edits, and respond as to whether Plaintiffs will join the motion." (Doc. 44-2 at 2).

12. Defendants' statement that they would produce documents on the condition of entry of a protective order is justified here. As explained in their response letter, "[s]everal of Plaintiffs' interrogatories and requests for production seek confidential information or documents that, although potentially discoverable, should be produced only with the benefit of a protective order." (*Id.* at 1). For examples, Plaintiff has requested "the monthly gross and net revenue of" each YKUC location, (Pls.' ROG No. 24), the identifies of "each and every employee of the Vestavia YKUC clinic," (Pls.' ROG No. 25), documents reflecting "financial reports, including profit and loss statements, balance sheets, and statements of cash flow" for each YKUC location, (Pls.' Req. for Prod. No. 17), and other documents that fairly call for the description or production of confidential information that justifies the entry of a protective order under Federal Rule of Civil Procedure 26(g)(1)(C). In the usual course, the party seeking benefit of a protective order proposes a draft, the other party agrees to it or negotiates its language, and then the parties submit it for entry by the Court. Plaintiffs' counsel ignored Defendants' request that they provide feedback on a proposed protective order. Thus, at least part of the delay for which Plaintiffs seek relief falls on Plaintiffs, not Defendants.

13. The Court should deny Plaintiffs' Motion for Leave as unnecessary. This is especially true in light of the Court's order granting Defendants leave to bring amended counterclaims and for joinder of parties. (*See* Doc. 49).

**IV.   The correct relief, if any, is amendment to the discovery deadline.**

14. Facts beyond the control of the parties support the need to amend the discovery deadline.

15. This case has involved pleading-stage dispositive motions for Plaintiffs' original claims (*see, e.g.*, Doc. 22), and for Defendants' original counterclaims (*see, e.g.*, Doc. 32). Such motions and briefing, while appropriate under the Federal Rules of Civil Procedure, delay the efficient completion of the discovery process.

16. Additionally, and as discussed above, the Court recently granted Defendants' Motion for Leave to File Amended Answer and Counterclaim Complaint and for Joinder of Parties, which undoubtedly broadens the scope of this case. (Doc. 49 (granting Doc. 40)). For that reason, in their motion, Defendants respectfully requested "that the Court order all parties to conduct a second Rule 26(f) conference and submit a revised Rule 26(f) report." (Doc. 40 at 10 ¶ 24). The very *pendency* of that motion counseled against conducting discovery depositions, and the Court's order granting the motion counsels strongly towards entry of a new scheduling order.

17. Defendants hereby respectfully request that the Court suspend any discovery deadlines pending the filing of any additional pleadings. Defendants otherwise intend to file a motion (1) to extend or suspend all discovery deadlines pending further order of the court; and (2) for an order requiring any existing and additional parties to participate in a supplemental Rule 26(f) conference.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Motions to Compel.

Dated: December 7, 2023               Respectfully submitted,

/s/ W. Chadwick Lamar Jr.
R. Thomas Warburton
W. Chadwick Lamar, Jr.
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N.
Birmingham, AL 35203-2119
Phone: (205) 521-8000
twarburton@bradley.com
clamar@bradley.com

*Counsel for Michael Cibran and Your Kids Urgent Care Alabama, LLC*

## CERTIFICATE OF SERVICE

I hereby certify on December 7, 2023, the foregoing was filed with the Clerk of Court using the CM/ECF system, which served all counsel of record via electronic delivery.

                                              */s/ W. Chadwick Lamar, Jr.*
                                                OF COUNSEL